UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON L. JOSEPH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARREN L. MONTGOMERY, WARDEN,<br><br>　　　　Respondent. | Case No.  1:21-cv-01055-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AND DENY PETITIONER'S MOTION TO STAY<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 10, 14) |

Petitioner Deon L. Joseph, a state prisoner, initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). On September 7, 2021, Respondent moved to dismiss the petition under *Younger v. Harris*, 401 U.S. 37, 44 (1971), arguing that the Court should abstain from exercising jurisdiction over the case at this time because state remand proceedings are pending. (Doc. No. 10). In response, Petitioner seeks to stay the case until his state remand proceedings have concluded. (Doc. No. 14).

**I. BACKGROUND**

Petitioner challenges his 2012 convictions after a jury trial for, *inter alia*, assault with a semi-automatic weapon and robbery for which he was sentenced to forty-seven years and four months by the Kern County Superior Court. (Doc. No. 1 at 1). Petitioner directly appealed his conviction and, on October 15, 2015, the court of appeal conditionally reversed Petitioner's conviction and enhancements and remanded the case to the superior court to determine whether

Petitioner's once in jeopardy plea should be stricken. (Doc. Nos. 12-2, 12-3). On January 27, 2016, the state supreme court denied review. (Doc. No. 12-5). On remand, the superior court granted the prosecution's motion to strike Petitioner's plea of once in jeopardy, reinstating the prior judgment. (Doc. No. 12-6). On April 1, 2020, the court of appeal affirmed, but remanded the case back to the superior court to "apply newly enacted, retroactively effective legislation that affects [his] sentence[]." (*Id*. at 49). On July 22, 2020, the state supreme court denied review. (Doc. No. 12-8). This case is scheduled for a remand hearing on December 1, 2021 before the state superior court to apply the new legislation to Petitioner's sentence.[1] *See People v. Joseph*, No. BF123070D (Kern Cty. Sup. Ct. May 13, 2008).

## II.  APPLICABLE LAW

For purposes of § 2254 habeas review, a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 478 U.S. 314, 321 n. 6 (1987). The seminal case of *Younger v. Harris*, 401 U.S. 37, 44 (1971) applies when a petitioner's conviction is not yet final. In *Younger*, the Supreme Court held that a federal court generally cannot interfere with pending state criminal proceedings. This holding, commonly referred to as the *Younger* abstention doctrine, is based on the principle of federal-state comity and is appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Page v. King*, 932 F.3d 898, 901–902 (9th Cir. 2019) (quoting *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted)). In the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for purposes of

---

[1] The Court has reviewed the Kern County Criminal Case Information online database and takes judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* Kern County Criminal Case Information, https://itsapps.kerncounty.com/iframed/nonCMS/crimindex/crimcal/crim_index_case_detail.asp (search by defendant for "Deon Joseph").

*Younger.*" *Id.* at 902. Absent rare circumstances, a district court must dismiss such actions. *See Cook v. Harding*, 190 F. Supp. 3d 921, 935, 938 (C.D. Cal. 2016), *aff'd*, 879 F.3d 1035 (9th Cir. 2018); *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown" is federal intervention in an on-going state criminal proceeding appropriate.).

In circumstances where a state sentencing decision is pending, courts in the Ninth Circuit generally abstain from exercising jurisdiction under *Younger*. *See Phillips v. Neuschmid*, No. 2:19-cv-03225-RGK (AFM), 2019 U.S. Dist. LEXIS 204615, at *5 (C.D. Cal. 2019). "In so doing, these courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing." *Id.*; *see also Johnson v. Anglea*, No. 2:20-cv-01830 KJM DB P, 2021 U.S. Dist. LEXIS 16654, at *8-9 (E.D. Cal. 2021) ("The fact that petitioner was awaiting a ruling which could alter his sentencing means the judgement in his case was not final and there remained pending proceedings."); *Arlonzo Jackson Banks v. Lynch*, No. 2:20-cv-0827 TLN KJN P, 2020 U.S. Dist. LEXIS 206470, at *6 (E.D. Cal. 2020) (same).

### III. ANALYSIS

All four of the *Younger* criteria are satisfied. First, petitioner's state proceedings remain ongoing. *See Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (en banc) ("The critical date" for determining whether a state proceeding is "ongoing" is "the date the federal action is filed."); *see also Nationwide Biweekly Admin. Inc. v. Owen*, 873 F.3d 716, 728 (9th Cir. 2017) (state proceedings are "ongoing" if the proceedings commenced "before any proceedings of substance on the merits have taken place in federal court."). A remand hearing in the state superior court is scheduled for December 1, 2021. Second, the pending state court criminal proceedings clearly implicate important state interests. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.). Third, the state proceedings afford

1  petitioner an adequate forum to advance his claims.  *Smith v. Plummer*, 438 F. App'x 642, 643
2  (9th Cir. 2011).  And fourth, as noted *supra*, courts in the Ninth Circuit have recognized
3  abstention is appropriate when a resentencing proceeding is pending.  Nowhere in the petition
4  does petitioner allege and nothing in the record supports a finding of any extraordinary
5  circumstances that would warrant this court's intervention.  Because the *Younger* abstention
6  applies, the undersigned recommends that Respondent's motion to dismiss (Doc. No. 10) be
7  granted and that the petition be dismissed without prejudice to refiling once petitioner's state
8  court proceedings have concluded.  28 U.S.C. § 2244(d)(1)(A).

9  Indeed, the undersigned notes the petition is premature.  Petitioner's sentence is not yet
10  final.  AEDPA's statute of limitations does not commence until a petitioner's state conviction and
11  sentence are final.  22 USC § 2244(d)(1).  For this additional reason, Respondent's motion to
12  dismiss should be granted.

13  Petitioner moves to stay his petition until his state court proceedings have concluded.
14  (Doc. No. 14).  In light of the above, the undersigned finds that a stay is not appropriate in this
15  case.  The undersigned recommends the petition be dismissed without prejudice to Petitioner
16  refiling once his state court proceedings have concluded and Petitioner's motion to stay the case
17  be denied.

### IV.  CERTIFICATE OF APPEALABILITY

19  State prisoners in a habeas corpus action under § 2254 do not have an automatic right to
20  appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36
21  (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2);
22  *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a
23  certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule
24  22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court
25  denies habeas relief on procedural grounds without reaching the merits of the underlying
26  constitutional claims, the court should issue a certificate of appealability only "if jurists of reason
27  would find it debatable whether the petition states a valid claim of the denial of a constitutional
28  right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

1. Respondent's motion to dismiss (Doc. No. 10) be GRANTED;

2. Petitioner's motion to stay (Doc. No. 14) be DENIED;

3. The petition (Doc. No. 1) be DISMISSED without prejudice; and

4. No certificate of appealability be issued.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 7, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE